Jeffrey T. Colemere (#8527)
Brady T. Gibbs (#11049)
COLEMERE GIBBS, PLLC
13961 South Minuteman Drive, Suite 100
Draper, Utah  84020
Telephone: (801) 364-4040
Email:  jeff@cgsutahlaw.com
brady@cgsutahlaw.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RYAN ROBERT WALZ**, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>**REPROS RECOVERY**,<br><br>     Defendant | **REPLY TO OPPOSITION TO MOTION TO DISMISS**<br>(oral argument requested)<br><br>Case No.:  2:24-cv-00809-DBP<br>Magistrate Judge:  Dustin B. Pead |

Defendant Repros Recovery, by and through its counsel, Jeffrey T. Colemere of Colemere Gibbs, PLLC, pursuant to Rule 7, Federal Rules of Civil Procedure, hereby replies to Plaintiff Ryan Robert Walz's ("Walz") Opposition to Motion to Dismiss ("Opposition") as follows:

## REPLY

### I.   THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION IS INAPPLICABLE HERE.

In his Opposition to Repros Recovery's Motion to Dismiss for lack of subject matter jurisdiction, Walz argues the Fifth Amendment to the U.S. Constitution *sua sponte* gives this Court subject matter jurisdiction over this civil dispute.  *See* Dkt. 6.  Walz misconstrues the scope of the Fifth Amendment.  "[T]he Fifth Amendment protects against actions by the federal

government." *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997); *see also Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013) ("The Due Process Clause of the Fifth Amendment applies only to action by the federal government . . .."); *Kuczmanski v. Obray*, No. 2:23-CV-00879-JNP-JCB, 2024 WL 3640549, at *6 (D. Utah Apr. 30, 2024), *report and recommendation adopted*, No. 2:23-CV-00879-JNP-JCB, 2024 WL 3639255 (D. Utah Aug. 2, 2024) ("[Plaintiff's] Fifth Amendment claim fails because her allegations do not involve any actions taken by the federal government."). A remarkably similar case to the one at bar decided in the District of Utah recently opined:

> As to Plaintiff's Fifth Amendment claim against the Individual Defendants, the Tenth Circuit has held that the "Due Process Clause of the Fifth Amendment applies only to action by the federal government." *Koessel v. Sublette County Sheriff's Dept.*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Here, the Amended Complaint does not allege that any of the Individual Defendants acted on behalf of the federal government. . . . The court therefore RECOMMENDS that the Fifth Amendment claims against the Individual Defendants be DISMISSED[.]

*Brown v. Newey*, No. 121CV00154JNPCMR, 2023 WL 6065099, at *7 (D. Utah Aug. 7, 2023), *report and recommendation adopted*, No. 121CV00154JNPCMR, 2023 WL 6065288 (D. Utah Sept. 18, 2023). Just as in the *Brown* case, Walz fails to allege that Repros Recovery, a private party, acted in any way on behalf of the federal government. *See* Dkt. 1. Because this case is between private parties and there is no alleged action by the federal government here, the Fifth Amendment is inapplicable, and this Court has no subject matter jurisdiction to decide this case on that basis. *See Koessel*, 717 F.3d 748 n. 2. For those reasons, Walz's Complaint must be dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing, Repros Recovery respectfully requests that this Court dismiss this case without prejudice.

DATED this 2nd day of December 2024.

**COLEMERE GIBBS, PLLC**

/s/ Jeffrey T. Colemere
Jeffrey T. Colemere
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, pursuant to DUCivR 5-1(a), I caused a true and correct copy of the foregoing **REPLY TO OPPOSITION TO MOTION TO DISMISS** to be delivered via the Court's CM/ECF electronic filing system, electronic mail or via U.S. First Class Mail to the following:

Ryan Robert Walz
2077 S. Main Street
Spanish Fork, Utah  84660
ryanwalz@proton.me

/s/ Jeffrey T. Colemere

3