IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RYAN ROBERT WALZ,<br><br>Plaintiff,<br><br>v.<br><br>REPROS RECOVERY,<br><br>Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:24-cv-00809<br><br>District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).[1] Currently pending before the court is Defendant Repros Recovery's ("Repros") Motion to Dismiss Plaintiff Ryan Walz's ("Mr. Walz") complaint for lack of subject matter jurisdiction.[2] Based upon the analysis set forth below, the court recommends dismissal of this case without prejudice.

BACKGROUND

On September 3, 2024 Mr. Walz filed his complaint asserting federal question jurisdiction under 28 U.S.C. § 1331.[3] Mr. Walz alleges Defendant Repros stole his 2021 Dodge Ram 5000, along with other unspecified private belongings, in violation of the Fifth Amendment

---

[1] ECF No. 11, Notice of Non-Consent.

[2] ECF No. 7, Defendant Mountain America Credit Union Motion to Dismiss; Fed. R. Civ. P. 12(b)(6).

[3] ECF No. 1 at 3, Complaint. Mr. Walz does not assert diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." But even if Plaintiff had asserted jurisdiction based on diversity, it appears he would still fail to establish subject-matter jurisdiction since the complaint provides Utah addresses for both Plaintiff and Defendant.

and the National Stolen Property Act of 1934.[4] Mr. Walz seeks recovery of the vehicle and other property, or payment in the amount of $130,000.[5]

## STANDARD OF REVIEW

Federal subject matter jurisdiction exists in cases where plaintiff alleges a civil claim "arising under the constitution, laws, or treaties of the United States."[6] For federal question jurisdiction to exist, a plaintiff's complaint must establish "either that federal law creates the cause of action or that [his] right to relief necessarily depends on resolution of a substantial question of federal law."[7]

A pleading based on federal question "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[8] Federal question jurisdiction "exists only where there is a colorable claim"[9] and "[m]ere conclusory allegations of jurisdiction are not enough."[10] Although "[a] claim can be meritless while still being colorable, . . . a court may dismiss for lack of subject-

---

[4] *Id*.

[5] *Id.* at 4. As an attachment to his complaint, Mr. Walz provides letters he mailed to Repros on April 5, 2024 and October 24, 2024. *See* ECF No. 1 at 6-7. Statements in the letters appear to be somewhat inconsistent with several of the statements made in the pleading. Nonetheless, the court bases its recommendation on the information contained in the pleading itself and not the attached documents.

[6] 28 U.S.C. § 1331.

[7] *Firstenberg v. City of Santa Fe, N.M.,* 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations and citation omitted).

[8] *Martinez v. U.S. Olympic Comm.,* 802 F.2d 1275, 1280 (10th Cir. 1986).

[9] *McKenzie v U.S. Citizenship & Immigration Services Dist. Dir.,* 761 F.3d 1149, 1156 (10th Cir. 205) (quotations and citations omitted).

[10] *Payn v. Kelly*, 702 F. App'x 730, 733 (10th Cir. 2017).

matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."[11]

## DISCUSSION

**1. The Court Recommends Dismissal For Lack of Subject Matter Jurisdiction**

The burden of establishing subject matter is on Mr. Walz.[12] As the basis for federal question jurisdiction Plaintiff asserts: (1) "Amendment V of the United States constitution [sic] [:] nor be deprived of life, liberty, or property without due process of law" and (2) "[t]he National Stolen Property Act of 1934 (NSPA) (18 U.S.C. §§ 2314 et. seq.)." Taking Mr. Walz's allegations as true, neither claim provides a proper ground for subject matter jurisdiction.

First, the Due Process Clause of the Fifth Amendment only applies to actions by the federal government.[13] Nothing in Mr. Walz's complaint alleges that Repros is part of, or acted on behalf, of the federal government.[14] Accordingly, because Repros is a private entity there is no

---

[11] *McKenzie,* 761 F.3d at 1156-57 (quotations and citations omitted).

[12] *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

[13] *See Aragon v. Dussen,* 2023 U.S. Dist. LEXIS 201903 at *11 (D. N. M. Nov. 8, 2023) ("[t]he Due Process Clause of the Fifth Amendment applies only to action by the federal government").

[14] In his Notice of Opposition, Mr. Walz for the first time asserts that Repros "is a sub-contractor within the United States registered with the United States Department of Transportation" and "[a]s the United States is a Corporation all things registered within it are a part of it." *See* ECF No. 10.

As an initial matter, Plaintiff's Notice of Opposition was filed after briefing on Defendant's Motion to Dismiss was complete. Under this District's local rules absent a request and showing of good cause, additional briefing is not allowed. *See* DUCivR 7-1(a)(9) ("Unless ordered otherwise, the court will not consider additional memoranda."). More importantly, however, Mr. Walz's statement that Repros is an entity registered with the Department of Transportation is insufficient to establish action by the federal government for purposes of a Fifth Amendment due process claim. *See Koessel v. Sublette County Sheriff's Dept.,* 717 F.3d 736 at ftn 2 (10th Cir. May 14, 2013).

violation of the Fifth Amendment Due Process Clause and Plaintiff fails to state a colorable claim arising under federal law.

Second, Mr. Walz asserts jurisdiction under the National Stolen Property Act, 18 U.S.C. §2314 ("NSPA") which states that a person cannot transport or receive in interstate commerce any goods worth $5,000 or more while knowing that the goods are stolen or acquired through fraud.[15] The NSPA is a criminal statute.[16] Federal criminal statutes do not provide for a private right of action[17] and a private citizen lacks "standing to initiate federal criminal prosecutions."[18] As a result, Mr. Walz cannot bring a claim under the NSPA and the court cannot exercise federal question jurisdiction pursuant to Mr. Walz's allegations that Repros violated the Act.[19]

## RECOMMENDATION

For the reasons stated above, the court lacks subject-matter jurisdiction over Mr. Walz's case and the court recommends that the case be dismissed without prejudice.[20]

---

[15] 18 U.S.C. § 2314.

[16] *Id.*

[17] *See Serna v Webster,* 2023 U.S. App. LEXIS 25955 at *3 (10th Cir. Oct. 2, 2023) ("federal criminal statutes that do not provide for a private right of action are not enforceable through a civil action."); *see also Shaw v. Neece,* 727 F.2d 947, 949 (10th Cir. Feb. 10, 1984) ("a plaintiff cannot recover civil damages for an alleged violation of a criminal statute").

[18] *Keyter v. 535 Members of 110th Cong.,* 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished).

[19] *See Anthony v. Comcast,* 2024 U.S. Dist. LEXIS 142538 at *3-4 (N.D.G. July 2, 2024) ("Title 18 generally does not create civil liability or a private right of action, and private parties may not maintain suit under most Title 18 provisions.").

[20] *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice."). Given that the Fifth Amendment does not apply to private parties and the NSPA does not state a private cause of action, Mr. Walz's complaint also fails to state claims for relief under Fed. R. Civ. P. 12(b)(6). This is an additional basis for dismissal.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it.[22] Failure to object may constitute a waiver of objections upon subsequent review.

DATED: February 10th, 2025.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

---

[21] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[22] *Id.*