IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN ROBERT WALZ,<br><br>        Plaintiff,<br><br>v.<br><br>REPROS RECOVERY,<br><br>        Defendant. | **MEMORANDUM DECISION ADOPTING REPORT AND RECOMMENDATION AND ORDER OF DISMISSAL**<br><br>Case No. 2:24-cv-809-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

On February 10, 2025, United States Magistrate Judge Dustin B. Pead issued a Report and Recommendation (R&R) recommending that the court dismiss without prejudice Plaintiff Ryan Robert Walz's action against Defendant Repros Recovery for lack of subject matter jurisdiction. (ECF No. 16.) Judge Pead found that there was no government action that would give rise to a claim under the Fifth Amendment of the United States Constitution and that the National Stolen Property Act (NSPA), 18 U.S.C. § 2314, is a criminal statute that does not provide a right of action for private citizens. (ECF No. 16 at 3–4.)

Mr. Walz filed objections to the R&R on February 13, 2025. (ECF No. 17.) He argues that Repros Recovery's actions are "sufficiently intertwined with state action to warrant federal jurisdiction" because the Defendant "operates under licenses and laws of both the State of Utah and the United States Department of Transportation." (Id. at 1–2.) He asks for additional discovery about the relationship between Repros Recovery and governmental entities. (Id. at 2.) He further maintains that, even if his claims are "insufficient to establish subject matter jurisdiction," the court should nevertheless exercise its "jurisdiction to provide equitable relief."

1

(Id. at 3.) Mr. Walz suggests that, due to the "inherent structure of the Magistrate Judge's authority," Judge Pead was "structurally biased towards the outcome of dismissal …." (Id. at 4.) Finally, Mr. Walz asks the court to consider a supplemental brief he filed (see ECF No. 13) with information relevant to whether the court has diversity jurisdiction over the case.

Under 28 U.S.C. § 636(b)(1)(C), after receiving a report and recommendations from a magistrate judge on a dispositive motion,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

See also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Because the district court reviews the R&R de novo, it is unpersuaded by Mr. Walz's argument that the statute granting magistrate judges authority to hear certain matters is structurally biased in a way that would predispose magistrate judges towards dismissal. Such a concern is misplaced: the relevant statute requires the district court to give greater deference to a magistrate judge's nondispositive ruling, which may only be overturned if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). But the district court gives no deference to a magistrate judge's dispositive ruling when, as here, a party has properly objected to that ruling. Id. § 636(b)(1)(C). The statutory scheme therefore provides no incentive for a magistrate judge to recommend dismissal where dismissal would not be appropriate.

In any event, the district court has independently reviewed the case and Mr. Walz's objections and agrees with Judge Pead's recommendation. The court lacks subject matter jurisdiction over Mr. Walz's action because he has not alleged any governmental action.

2

In his Complaint, Mr. Walz cites the Due Process Clause of the Fifth Amendment (ECF No. 1 at 7), which states that "[n]o person shall … be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The court agrees with Judge Pead (see ECF No. 16 at 3) that this clause only applies to action by the federal government. Koessel v. Sublette Cnty. Sheriff's Dept., 717 F.3d 736, 748 n.2 (10th Cir. 2013) ("The Due Process Clause of the Fifth Amendment applies only to action by the federal government …."). Nevertheless, the court construes pro se pleadings liberally and "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories …." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Mr. Walz alleges that Repros Recovery repossessed his truck without paying him, a claim which more naturally falls under the Takings Clause of the Fifth Amendment, which provides that "private property [shall not] be taken for public use without just compensation."[1] U.S. Const. amend. V. The Supreme Court has held that this clause is incorporated against state governments through the Fourteenth Amendment. Chicago Burlington & Quincy R.R. v. City of Chicago, 166 U.S. 226, 239 (1897). And plaintiffs have a cause of action under 42 U.S.C. § 1983 to bring claims against state actors for violations of a plaintiff's constitutional rights. Indeed, courts often hear inverse condemnation cases in which a plaintiff asserts a takings claims against a state governmental actor. See, e.g., Knick v. Twp. of Scott, 588 U.S. 180, 202 (2019) (considering a takings claim against a Pennsylvania municipality and holding "that a government

---

[1] To the extent that the lienholder is the State of Utah or a local governmental entity, Mr. Walz might also be able to assert a claim under the Due Process Clause of the Fourteenth Amendment, which states that "[n]o State shall … deprive any person of life, liberty, or property, without due process of law …." U.S. Const. amend. XIV. But as discussed below, Mr. Walz has not made any allegations of joint action with a governmental lienholder.

violates the Takings Clause when it takes property without compensation, and that a property owner may bring a Fifth Amendment claim under § 1983 at that time").

The court would generally grant a pro se plaintiff leave to amend if, despite citing the incorrect constitutional right, the facts in the complaint were nevertheless sufficient to state a claim under § 1983 and the Due Process Clause of the Fourteenth Amendment or the Takings Clause of the Fifth Amendment. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). But Mr. Walz's complaint not only fails to allege that Repros Recovery is a federal actor, as noted by Judge Pead (see ECF No. 16 at 3–4), but there are also no facts to suggest that the private company is a state actor.

Mr. Walz asserts that Repros Recovery's actions were "sufficiently intertwined with state action" to establish federal question jurisdiction because Repros Recovery holds a contract with the United States Department of Transportation and a certificate with the Utah Department of Transportation and must follow federal and state regulations. (ECF No. 17 at 1–2.) But the mere existence of a governmental contract or applicable regulations does not transform a private actor into a state actor for purposes of § 1983 liability; instead, a plaintiff must demonstrate "a private party's joint participation with state officials in the seizure of disputed property … to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." Coleman v. Turpen, 697 F.2d 1341, 1345 (10th Cir. 1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982)).

In Coleman, the Tenth Circuit considered the issue of state action in the context of private towing and impoundment companies. Id. at 1343. But the property seized in Coleman was seized in connection with a criminal investigation. Id. ("Mr. Coleman was convicted of murder and sentenced to death."). The Tenth Circuit highlighted the fact that the private towing

4

company was present throughout the entire police action concerning the property—including towing, storing, and eventually selling the camper at issue. Id. at 1345.[2]

Here, Mr. Walz has made no allegations about any joint action between Repros Recovery and state officials; indeed, he has not alleged the identity of the lienholder who instructed Repros Recovery to repossess his truck. From his supplemental briefing, however, it appears that it was a bank who ordered the repossession of Mr. Walz's truck. (See Pl.'s Suppl. Br., ECF No. 13 at 3 ("When Plaintiff gave Notice to Defendant with evidence that the property should not have been seized, Defendant should have treated the Plaintiff in the same way as the bank; meaning, they should have listened to the Plaintiff, who offered contradictory evidence that [sic] the bank had provided.").) A bank is a private, not a state, actor, and the court therefore finds no reason to allow Mr. Walz's requested jurisdictional discovery.[3]

Because Mr. Walz has made no allegations about any joint state actors, there is no state action and therefore no claim that arises under 42 U.S.C. § 1983—even if the court were to construe the Complaint to include such a claim. As a result, there is no basis for this court to exercise federal question jurisdiction under 28 U.S.C. § 1331. The court expresses no opinion

---

[2] While not controlling, district courts in other circuits have held that private towing companies are not state actors when their actions were not compelled by the state. See, e.g., VW Credit Leasing LTD. v. Runway Towing Corp., No. 20-cv-05396, 2024 WL 5384671, at *9 (E.D.N.Y. Mar. 30, 2024) (finding that the imposition of a lien on and eventual sale of a car by a towing company were not actions that were "compelled by the state, entwined with state policies, encouraged by the state, or part of a public function delegated to [the towing company] by the state" and that therefore the towing company was not a state actor under § 1983); Calderon v. Burton, 457 F. Supp. 2d 460, 488 (S.D.N.Y. 2006) ("Companies that provide services to municipalities … are not thereby transformed into state actors … where, as here, the function performed (towing cars) has not been historically, traditionally and exclusively the prerogative of the state.").

[3] Mr. Walz requests discovery about: 1) the Repros Recovery policy manual that outlines lawful requirements for repossession; 2) legal documentation received by Repros Recovery; and 3) all communications between Repros Recovery and the lienholder. (ECF No. 17 at 2.)

about the merits of Mr. Walz's claims against Repros Recovery or, potentially, against the bank who appears to be the lienholder here. But Mr. Walz must bring those claims, if at all, in state court.

The court must dismiss a case at any time if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any state of the proceedings in which it becomes apparent that jurisdiction is lacking ...."). Accordingly, the court disagrees with Mr. Walz that the court "retains jurisdiction to provide equitable relief" even if Mr. Walz's claims do not establish subject matter jurisdiction. (ECF No. 17 at 3.) The court must dismiss the case and has no authority to provide either legal or equitable relief.

Finally, Mr. Walz argues that the parties are diverse and, because the amount in controversy is greater than $75,000, the court may exercise diversity jurisdiction under 28 U.S.C. § 1332 to hear this matter. (ECF No. 17 at 5.) But the court disagrees. Repros Recovery is a Utah business, and the Complaint lists a Utah address for Mr. Walz. (ECF No. 1 at 1.) The parties therefore both appear to be citizens of Utah.

In his objections, Mr. Walz asserts that he "has multiple homes across the country and does not claim residency in any State jurisdiction, which is his right according to 26 U.S.C. § 7701(b)(1)(B)." (ECF No. 17 at 5.) But the cited statute does not provide a right to self-define one's citizenship and, "[w]here a plaintiff's claim of diversity is challenged, plaintiff has the burden of proof" to establish his domicile. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983) (also noting that, "[f]or purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile"). Mr. Walz has not submitted any information

suggesting that he is a citizen of a country besides the United States and, because he "does not claim residency in any State jurisdiction," he has failed to carry his burden to establish that he is domiciled somewhere besides Utah. Instead, in the supplemental brief that he asks the court to consider (see ECF No. 17 at 4–5), he maintains that he is a "non-citizen American National pledging allegiance to the Constitutional Republic of the United States of America." (ECF No. 13 at 1.) Given this unhelpful assertion, the court relies on the information provided by Mr. Walz in the Complaint and finds that Mr. Walz is a citizen of Utah for purposes of diversity jurisdiction.

Because the court finds that the allegations are insufficient to demonstrate federal question or diversity jurisdiction, the court therefore agrees with Judge Pead that the case should be dismissed for lack of subject matter jurisdiction.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS the Defendant's Motion to Dismiss. (ECF No. 3.)

2. Subject to the additional findings provided in this Order, the court ADOPTS the Report and Recommendation issued by Magistrate Judge Dustin B. Pead (ECF No. 16) and agrees that Mr. Walz has failed to state a claim under the Due Process Clause of the Fifth Amendment or the NSPA.

3. The court DISMISSES this action WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED this 26th day of February, 2025.

                                                BY THE COURT:

                                                _____
                                                Tena Campbell
                                                United States District Judge